# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DIANA L. MIRACLE,**

      **Plaintiff,**

                                    Case No. 06-14510

v.

                                    HONORABLE DENISE PAGE HOOD

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation ("Report") [Dkt. #13, filed September 18, 2007]. The Report recommends that Defendant's Motion for Summary Judgment [Dkt. #12, filed April 27, 2007] be DENIED and that Plaintiff's Motion for Summary Judgment [Dkt. #7, filed February 19, 2007] be GRANTED. Neither party filed objections to the Report.

Plaintiff Diana Miracle brings this action under 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying her application for Disability Insurance Benefits and Social Security Income under the Social Security Act. On February 14, 2006, Plaintiff appeared *pro se* before an Administrative Law Judge ("ALJ") to challenge the denial of her application. The ALJ affirmed the denial of her application, finding that she could perform a significant number of unskilled, sedentary jobs. (Report, at 2.) On review, the Magistrate Judge noted that "substantial evidence . . . supports" the ALJ's finding and affirmed the conclusion that Plaintiff is not entitled to future disability benefits. (Report, 9.)

But the Magistrate Judge found two defects in the administrative proceeding and recommended a remand. First, the Magistrate Judge found that Plaintiff "was denied her right to a full and fair hearing." (Report, at 12.) At the administrative hearing, the following exchange took place:

> ALJ: "Okay, and I am prepared to grant you what's know as a closed period of disability. That is from May 15 of '02 and I'd be even willing to go through today's date [2/14/06]. But if you want to continue to argue that you can't work at any job at all then we'll go through with the hearing. So, I don't know if I explained myself well enough so that you understand what I said.
>
> Pl: Not actually.

(R. at 279.) Based upon this exchange, the Magistrate Judge found it "apparent" that Plaintiff was denied a fair hearing in light of an ALJ's special duty to assist a *pro se* claimant who is unfamiliar with hearing procedures. (Report, at 10-12). The parameters of this special duty are set forth in *Lashley v. Secretary of Health and Human Servs.*, 70 F.2d 1048 (6th Cir. 1983). Second, and on a related noted, the Magistrate Judge found that the ALJ failed to articulate why he denied Plaintiff's claim even though he acknowledged that she may be eligible for a closed period of benefits. (Report, at 12-13.)

The Court has had an opportunity to fully review this matter *de novo* pursuant to 28 U.S.C. § 636 and finds that the Magistrate Judge reached the correct conclusions, except for the ultimate conclusion that Plaintiff's Motion be granted and Defendant's Motion be denied. Under these facts, the Court finds it more appropriate to grant in part and deny in part both motions.

Accordingly,

IT IS ORDERED that the Report and Recommendation [Dkt. #13, filed September 18, 2007] of Magistrate Judge R. Steven Whalen is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Dkt. #12, filed April 27, 2007] is GRANTED IN PART and DENIED IN PART. The Court affirms

Defendant's finding that Plaintiff is not entitled to future disability benefits.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. #7, filed February 19, 2007] is GRANTED IN PART and DENIED IN PART. The Court remands this case to the ALJ and directs him to develop the record more fully with respect to Plaintiff's eligibility for a closed period of disability.

                                                          s/ DENISE PAGE HOOD
                                                          DENISE PAGE HOOD
                                                          United States District Judge

DATED: January 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2008, by electronic and/or ordinary mail.

                                                          S/William F. Lewis
                                                          Case Manager